UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DOUGLAS NADOLSKI,

    Debtor.
_____/

Case No. 11-43895
Chapter 7
Hon. Walter Shapero

JOSEPH CONSTANT,

    Plaintiff,

v.

DOUGLAS NADOLSKI,

    Defendant.
_____/

Adv. Pro. No. 11-05635

**OPINION DENYING MOTION TO DISMISS BANKRUPTCY
CASE AND FOR OTHER RELIEF (Docket No. 38)**

Joseph Constant ("Plaintiff"), *in pro per*, a creditor of Douglas Nadolski ("Defendant"), filed this adversary proceeding seeking a finding of non-dischargeability of a debt involving a failed purchase of a mattress under 11 U.S.C. § 523(a)(2)(A) and (a)(4). At some point, the Court denied Defendant's Motion for Summary Judgment, but in the course of its Order doing so, also ruled that in the event Plaintiff prevailed at trial, his damages, if any, would be capped at $650.00. On the trial date, Defendant acceded to entry of a judgment of non-dischargeability in that amount. Plaintiff had also filed in this adversary proceeding, a Motion to Dismiss the entire bankruptcy case, seeking also fines and sanctions. That motion was based on various allegations essentially that Defendant had left out or misrepresented facts in his bankruptcy schedules and pleadings and had otherwise thereby

1

violated 18 U.S.C. §§ 152 and 3571 "at least," and by reason thereof Plaintiff was entitled to have the bankruptcy case dismissed and substantial damages assessed based on claimed violation of various federal, state, and local laws, and regulations. Defendant responded to the Motion and the Court conducted a hearing at which it indicated it was going to deny the Motion on various grounds by way of a subsequent opinion.

The current status of Defendant's bankruptcy case, commenced February 16, 2011, is that it is still open, and a discharge has not yet been issued. Another adversary proceeding brought by another creditor (Case No. 11-05631), seeking, among other things, non-dischargability under 11 U.S.C. § 727, has recently been settled by an approved compromise. The compromise requires payments to be made to that creditor and the Trustee under specified terms and conditions, and waives discharge under § 727, but only as to any unpaid amounts due that particular creditor.

The Court is denying the subject motion for the following reasons; any one of which justifies that denial:

1. It is procedurally infirm in that treating it, as one must, as a motion to dismiss under 11 U.S.C. § 707 (the only section which governs dismissal of a Chapter 7 case) it was brought within the adversary proceeding, rather than the bankruptcy case, and the appropriate procedural, notice and service requirements (i.e., serving the motion on the Trustee and his counsel as well as all creditors etc.) were thus not met;

2. The sections of 18 U.S.C. §§ 152 and 3571 specified as the bases for the Motion are exclusively criminal statutes, the violation of which must be determined in accordance with criminal cases properly brought; in some Court other than the bankruptcy Court which does not have jurisdiction to do so. Only if, as and when the Defendant might be found guilty by some other Court

under those criminal statutes, would the matter of any such convictions become relevant in the bankruptcy court in some timely and relevant proceedings in the bankruptcy court, in which the fact of any such convictions might be properly considered.

3. The gravamen of the subject motion appears to be claims of material omissions or misstatements in Defendant's schedules or other filed documents which, if true, might be claimed as a basis for a § 727 action, or, possibly as amounting to bad faith justifying dismissal under § 707(b).

To the extent § 727 might conceivably be involved (and of course it was not specifically invoked in the Motion itself), the deadline for filing a § 727 action in the bankruptcy case was May 23, 2011. This adversary proceeding was commenced on May 18, 2011, but only sought relief under § 523 and not under § 727. The instant motion, parts of which as indicated smack of § 727 type relief, was filed (in the adversary proceeding) December 27, 2011; to the extent a dismissal under § 707 is involved (and based on the claims made in the Motion, it would only be § 707(b) that might be invoked), Fed.R.Bank.P. 1017(d)(1) requires that such a dismissal motion be filed within 60 days after the date first set for the 341 meeting of creditors - that date in this case being approximately May 23, 2011.

Charitably speaking, giving Plaintiff the benefit of every reasonable doubt, the first pleading that can be considered as coming close to being considered a § 707 dismissal pleading (and that is questionable) was the instant motion filed December 27, 2011, some six months late for such a motion.

For the indicated reasons, Plaintiff's Motion must be denied, and the Court is contemporaneously entering an order to that effect.

3

It should be noted that this Opinion, in and of itself, does not dispose of, and should be seen as disposing of, any causes of action Plaintiff may or may have had, under other than applicable bankruptcy law, presentable in courts or forums other than the Bankruptcy Court, except to the extent principles of res judicata or judicial estoppel might apply.

**Signed on January 27, 2012**

                                                         **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**